ALLEN MARTIN GARAY,

        Plaintiff,

  v.

KILOLO KIJAKAZI,

        Defendant.

Case No. 21-cv-65-pp

## ORDER GRANTING AMENDED MOTION FOR ATTORNEY'S FEES UNDER §406(b) (DKT. NO. 26)

On August 2, 2021, the parties filed a stipulated motion requesting the court reverse the decision of the Commissioner of Social Security and remand the case to the Commissioner under sentence four of 42 U.S.C. §405(g). Dkt. No. 18. The court granted the stipulated motion for remand the next day. Dkt. No. 19. On November 3, 2021, the parties stipulated to an award of attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $8,300, dkt. no. 21, which the court approved two days later, dkt. no. 22. The plaintiff received a fully favorable decision on remand, dkt. no. 26 at 2, and the August 7, 2022 Notice of Award stated that the plaintiff's past-due benefits were $100,204, dkt. no. 26 at 10.

On January 15, 2023, the plaintiff filed a motion for attorney's fees under §206(b)(1) of the Social Security Act, 42 U.S.C. §406(b)(1). Dkt. No. 25. On February 6, 2023, the plaintiff filed an amended motion for attorney's fees

1

under §406(b)(1). Dkt. No. 26. Although the wording of the motion is confusing,[1] the court's understanding is that the plaintiff's attorney, Daniel A. Skaar, seeks an award in the amount of $19,051. See Dkt. No. 26 at 2–3, 10. Because the award is paid out of the plaintiff's past-due benefits rather than agency funds, the Commissioner is unable to stipulate to the fees but the plaintiff represents that the Commissioner takes no position on the requested fee. Id. at 4.

I.   **Legal Standard**

An attorney who succeeds in obtaining benefits for a Social Security claimant may recover fees under 42 U.S.C. §406. Section "'406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.'" Culbertson v. Berryhill, 139 S.Ct. 517, 520 (2019) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. O'Donnell v. Saul, 983 F.3d 950, 952 (7th Cir. 2020) (citing 42 U.S.C. §406(b)(1)). The fees are deducted from the claimant's benefits and do not

---

[1] The motion indicates that the plaintiff is asking for 25% of the total back benefits ($100,204), "which amounts to a fee of **$25,051**." Dkt. No. 26 at 2-3. On page 2 of the amended motion, the plaintiff's counsel indicates that the SSA "properly withheld **$25,051.00** out of Plaintiff's past due benefits of $100,204 and wrongly awarded her previous attorney . . . $5272.38 in attorney's fees from withheld funds (406A fee), which the attorney returned to the [SSA]. The [SSA] later paid [the plaintiff's attorney] $5896.00 in 406A fees and retained the remaining **$25,051.00** for possible payment to Plaintiff's attorney under Section 406(b)." Dkt. No. 26 at 2. The court suspects the second reference should be to the remaining *balance* of the withheld $25,051.00—$19,155. The SSA's Notice of Award advises the plaintiff that the SSA is holding $19,051 for fees (the $19,155 balance minus the SSA's 6.3% service charge). Dkt. No. 26 at 10. The court assumes this is the amount counsel seeks.

2

constitute an award against the government. Kopulos v. Barnhart, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004) (citing Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985)).

The court must approve any fee under §406(b). Congress did not intend such review to override the claimant and counsel's fee arrangement, but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

**II. Analysis**

The plaintiff signed a contract with Attorney Skaar on December 22, 2021, agreeing to a 25% total fee for representation before the agency and the court. Dkt. No. 26 at 15. The agreement included the following:

> We agree that, if SSA favorably decides the claim(s), I will pay my representative a fee equal to the lesser of 25 percent of past due benefits, which I or any auxiliary beneficiaries, such as my minor children, become entitled to, or the dollar amount established by 42 U.S.C. 406(a)(2)(A), which is currently $6,000.00, but which may be changed from time to time by the Commissioner of Social Security. If my case is approved after a remand by the Federal Court, I will pay my representative a fee equal to 25 percent of past due benefits under 42 U.S.C. 406(B), when approved by the federal court.

Id.

The Social Security Administration (SSA) withheld 25% of the plaintiff's past-due benefits, or $25,051, to pay the plaintiff's lawyer. Dkt. No. 26 at 10. The SSA explained that "[b]ecause of the law, [it] usually withhold[s] 25 percent of the total past-due benefits or the maximum payable under the fee agreement to pay an approved representative's fee." Id. The SSA explained that it "withheld $6,000.00 from [the plaintiff's] past-due benefits to pay the representative." Id. The SSA then stated that it "will still withhold the remaining, $19,051.00, in case your lawyer asks the Federal Court to approve a fee for work that was done before the court." Id.

Attorney Skaar indicates that the SSA paid him "$5896 in 406A fees . . ." Dkt. No. 26 at 2. Although he does not explain how he reached this amount, it appears to reflect the $6,000 minus the SSA's $104 service charge. See Dkt. No. 26 at 10 (explaining that the SSA collects a service charge from the amount paid to the representative, which "is 6.3 percent of the fee amount . . . but not more than $104" as limited by law). But Attorney Skaar then states that the SSA then "*retained the remaining $25,051.00* for possible payment to Plaintiff's attorney under Section 406(b)." Dkt. No. 26 at 2 (emphasis added). The court believes this is a typo, as the Notice of Award clearly states that the SSA "will still withhold *the remaining, $19,051.00,*" which is $25,051 minus $6,000. Id. at 10 (emphasis added). Attorney Skaar's next sentence reflects this understanding, stating that a plaintiff's attorney is allowed "to request and receive a fee calculated by 25 percent of the total of Plaintiff's past due benefits,

4

*which would include the $5896.00 paid under Section 406(a)."* Id. at 2 (emphasis added).

Section 406(b) places two limitations on attorney's fee awards: (1) a cap of 25% and (2) a reasonableness requirement. The award the plaintiff's counsel has requested plainly satisfies the first of those limitations; it does not exceed the 25% cap.

The §406(b) fee requested appears reasonable. The plaintiff's attorney obtained a good result for the plaintiff, with an award of benefits from June 2015 through June 2022. Dkt. No. 26 at 10. The plaintiff agreed to pay 25% of the past-due benefits awarded to him. Id. at 15. The overall hourly rate of Attorney Skaar's work was $538.73 ($25,051 divided by 46.5 expended hours). Dkt. No. 26 at 2–3. Attorney Skaar provided no itemization, but represents in his motion that he "expended 46.5 hours of attorney time preparing the case . . . ." Id. at 2. The court finds that this hourly amount is reasonable for the benefit provided to the plaintiff. This court has previously permitted payments in excess of $1,000 per hour. Mentecki v. Colvin, No. 14-cv-1110-pp, 2019 WL 3323874, *2 (E.D. Wis. July 24, 2019) (citing Peterson v. Colvin, No. 12-cv-391 at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015) (approving award resulting in implied hourly rate exceeding $1,000, based upon performance and client approval)); Kolp v. Colvin, No. 12-cv-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015) (granting in full request for award equating to $1,118.44 hourly rate).

Where the plaintiff's attorney receives fees under both the EAJA and §406(b), the attorney must refund to the plaintiff the smaller fee. Gisbrecht, 535 U.S. at 796; O'Donnell, 983 F.3d at 953. Attorney Skaar acknowledges that upon payment of the §406(b) fee, he "shall return the $7664.57 EAJA fee to the Plaintiff." Dkt. No. 26 at 3. In a footnote, Attorney Skaar indicates that although the court approved the parties' stipulation for an award of $8,300 in EAJA fees, see dkt. no. 22, "apparently due [sic] Plaintiff's preexisting debts, only $7664.57 was paid to Skaar." Dkt. No. 26 at 3 n.4. Attorney Skaar provided no supporting documentation.

### III. Conclusion

The court **GRANTS** the plaintiff's amended motion for attorney's fees under 42 U.S.C. §406(b) and **APPROVES** the award of $19,051 payable to the plaintiff's attorney by the defendant. Dkt. No. 26.

Upon receipt of the award, the plaintiff's attorney must refund the plaintiff the $7,664.57 received as part of the fee previously awarded under the Equal Access to Justice Act.

Dated in Milwaukee, Wisconsin this 13th day of July, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**